# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **OHVA, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**AnywhereCommerce Services LLC,**<br><br>Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff OHVA, Inc. ("OHVA"), through its attorneys, complains of AnywhereCommerce Services LLC ("AnywhereCommerce"), and alleges the following:

### PARTIES

1. Plaintiff OHVA, Inc. is a corporation organized and existing under the laws of California that maintains its principal place of business at 3 Hangar Way, Suite D Watsonville, CA 95076.

2. Defendant AnywhereCommerce Services LLC is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 1100 W Shaw Ave #122, Fresno, CA 93711.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5.  This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6.  Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, OHVA has suffered harm in this district.

## PATENT-IN-SUIT

7.  OHVA is the assignee of all right, title and interest in United States Patent No. 9,679,286 (the "'286 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, OHVA possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '286 Patent

8.  The '286 Patent is entitled "Methods and Apparatus for Enabling Secure Network-Based Transactions.," and issued 3/3/2015. The application leading to the '286 Patent was filed on 6/13/2017, which ultimately claims priority from provisional application number 60/719,273, filed on 9/20/2005. A true and correct copy of the '286 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.  The '286 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '286 PATENT

10. OHVA incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '286 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the AnywhereCommerce products identified in the charts incorporated into this Count below (among the "Exemplary AnywhereCommerce Products") that infringe at least the exemplary claims of the '286 Patent also identified in the charts incorporated into this Count below (the "Exemplary '286 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '286 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '286 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '286 Patent. On information and belief, Defendant has also continued to sell the Exemplary AnywhereCommerce Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '286 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '286 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '286 Patent, literally or by the doctrine of equivalents, by selling Exemplary AnywhereCommerce Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

16. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '286 Patent, literally or by the doctrine of equivalents, by selling Exemplary AnywhereCommerce Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent. Moreover, the Exemplary AnywhereCommerce Products are not a staple article of commerce suitable for substantial noninfringing use.

17. Exhibit 2 includes charts comparing the Exemplary '286 Patent Claims to the Exemplary AnywhereCommerce Products. As set forth in these charts, the Exemplary AnywhereCommerce Products practice the technology claimed by the '286 Patent. Accordingly, the Exemplary AnywhereCommerce Products incorporated in these charts satisfy all elements of the Exemplary '286 Patent Claims.

18. OHVA therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19. OHVA is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, OHVA respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, OHVA respectfully requests the following relief:

A. A judgment that the '286 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '286 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards OHVA all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate OHVA for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that OHVA be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that OHVA be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that OHVA be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 13, 2020     Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Jimmy Chong*
　　　　　　　　　　　　　　　　　　Jimmy Chong (#4839)
　　　　　　　　　　　　　　　　　　2961 Centerville Road, Suite 350
　　　　　　　　　　　　　　　　　　Wilmington, DE 19808

Telephone: (302) 999-9480
Facsimile: (877) 796-4627
Email: chong@chonglawfirm.com

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
OHVA, Inc.**