# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **OHVA, Inc.,** | Civil Action No. 1:20-cv-00214-MN |
| Plaintiff, | |
| v. | |
| **AnywhereCommerce Services LLC** | **TRIAL BY JURY DEMAND** |
| Defendant. | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant AnywhereCommerce Services LLC ("AnywhereCommerce Services"), by its undersigned attorneys, answers the Complaint in this action as follows:

### PARTIES

1. AnywhereCommerce Services is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. AnywhereCommerce Services admits that it is a corporation organized and existing under the law of the state of Delaware, and that it maintains a place of business at 1100 W. Shaw Ave. #122, Fresno, CA 93711.  AnywhereCommerce Services denies any remaining allegations in paragraph 2 of the Complaint.

### JURISDICTION

3. AnywhereCommerce Services admits that the Complaint purports to set forth an action for alleged patent infringement.  AnywhereCommerce Services denies that it has committed or is committing acts of infringement and denies that Plaintiff is entitled to any relief.  AnywhereCommerce Services denies any remaining allegations in paragraph 3 of the Complaint.

4.     AnywhereCommerce Services denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. As AnywhereCommerce Services has previously informed Plaintiff, AnywhereCommerce Services does not make, use, offer, or import the products accused of infringement in Plaintiff's complaint, and there is no case or controversy as to AnywhereCommerce Services. To the extent that subject matter jurisdiction over a patent infringement case requires an actual case or controversy in the form of an infringement allegation against any defendant who could be credibly accused of making, using, offering, or importing any accused product, AnywhereCommerce Services denies that the Complaint appropriately establishes subject matter jurisdiction. AnywhereCommerce Services denies any remaining allegations in Paragraph 4 of the Complaint.

5.     AnywhereCommerce Services does not contest, for purposes of this lawsuit only, that this Court has personal jurisdiction over it. AnywhereCommerce Services denies any remaining allegations in paragraph 5 of the Complaint.

## VENUE

6.     AnywhereCommerce Services does not contest, for purposes of this lawsuit only, venue in this district. AnywhereCommerce Services admits that it is incorporated in the state of Delaware. AnywhereCommerce Services denies all remaining allegations in paragraph 6 of the Complaint. AnywhereCommerce Services specifically denies that Plaintiff has suffered any harm as a result of AnywhereCommerce Services' actions.

## PATENT-IN-SUIT

7.     AnywhereCommerce Services is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint, and therefore denies them.

### The '286 Patent

8. AnywhereCommerce Services is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint regarding any alleged "'286 Patent," and therefore denies them. AnywhereCommerce Services denies that a copy of United States Patent No. 9,679,286 is attached to the Complaint as Exhibit 1.

9. AnywhereCommerce Services denies the allegations of paragraph 9 of the Complaint.

### COUNT 1: ALLEGED INFRINGMENT OF THE '286 PATENT

10. In response to paragraph 10 of the Complaint, AnywhereCommerce Services restates and incorporates by reference its responses in the paragraphs above as if fully stated herein.

11. AnywhereCommerce Services denies the allegations of paragraph 11 of the Complaint.

12. AnywhereCommerce Services denies the allegations of paragraph 12 of the Complaint.

13. AnywhereCommerce Services denies the allegations of paragraph 13 of the Complaint.

14. AnywhereCommerce Services denies the allegations of paragraph 14 of the Complaint.

15. AnywhereCommerce Services denies the allegations of paragraph 15 of the Complaint.

16. AnywhereCommerce Services denies the allegations of paragraph 16 of the Complaint.

17. AnywhereCommerce Services denies the allegations of paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, AnywhereCommerce Services restates and incorporates by reference its responses in the paragraphs above as if fully stated herein. AnywhereCommerce Services denies the allegations of Exhibit 2 of Plaintiff's Complaint.

19. AnywhereCommerce Services denies the allegations of paragraph 19 of the Complaint.

## JURY DEMAND

20. AnywhereCommerce Services is not required to provide a response to Plaintiff's demand for a trial by jury.

## PRAYER FOR RELIEF

AnywhereCommerce Services denies Plaintiff is entitled to any relief. AnywhereCommerce Services denies all the allegations in paragraphs A-D, and all sub-paragraphs, of Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

AnywhereCommerce Services asserts the following Affirmative Defenses listed below. AnywhereCommerce Services reserves the right to amend its Answer to include additional Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

AnywhereCommerce Services has not infringed and does not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, or any valid, enforceable claim of

the '286 patent, including any and all claims properly construed under 35 U.S.C. §§ 112, paragraph 6.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '286 patent is invalid for failure to comply with one or more requirements of the 35 U.S.C., Title 35, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of the application for the '286 patent and any related patents, and/or by virtue of statements made within one or more of the specifications thereof, Plaintiff or its predecessors in interest have disclaimed and/or disavowed the full scope of any allegedly infringed claim of the '286 patent and, as such, is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any products, services or systems of AnywhereCommerce Services.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that any alleged infringement was willful or that this is an exceptional case justifying an award or attorneys' fees or enhanced damages.

**SEVENTH AFFIRMATIVE DEFENSE**

As AnywhereCommerce Services has previously informed Plaintiff, AnywhereCommerce Services does not make, use, offer, or import the products accused of infringement in Plaintiff's complaint, and there is no case or controversy as to AnywhereCommerce Services. To the extent that subject matter jurisdiction over a patent infringement case requires an actual case or controversy in the form of an infringement allegation against any defendant who could be credibly accused of making, using, offering, or importing any accused product, AnywhereCommerce Services denies that the Complaint appropriately establishes subject matter jurisdiction.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CONNOLLY GALLAGHER LLP |
| OF COUNSEL: | */s/ Arthur G. Connolly, III* |
| Melissa A. Bozeman | Arthur G. Connolly, III (#2667) |
| Oliver D. Griffin | Stephanie S. Riley (#5803) |
| KUTAK ROCK LLP | 1201 North Market Street, 20th Floor |
| 1760 Market Street, Suite 1100 | Wilmington, DE 19801 |
| Philadelphia, Pennsylvania 19103-4104 | 302-757-7300 |
| (215) 299-4384 | aconnolly@connollygallagher.com |
| melissa.bozeman@kutakrock.com | sriley@connollygallagher.com |
| oliver.griffin@kutakrock.com |  |
|  | *Attorneys for Defendant AnywhereCommerce Services LLC* |
| Dated: May 4, 2020 |  |